DUBUQUE BRANCH OF THE STATE BANK v. RHOMBERG.

**Injunction:** EFFECT OF ON PARTIES' RIGHT TO DISMISS. Where the parties to an action move the court below to dismiss the suit, and, at the instance of a third party, they are enjoined from further prosecuting the motion, and thereupon the court refuses, upon their application, to dismiss the action, from which they appeal, they will not be allowed to have a judgment entered in the supreme court, by agreement, reversing this judgment of the district court, thus ignoring the injunction and avoiding its effect.

*Appeal from Dubuque District Court.*

TUESDAY, DECEMBER 16.

THIS is an application of both plaintiff and defendant at the April term, 1873, at Dubuque, for a judgment in this court dismissing the plaintiff's action in the court below, thus revers ing the judgment of the district court. The motion is resisted by the First National Bank of Dubuque. The facts are stated in the opinion.

*D. E. Lyon* for the plaintiff.

*Griffith & Knight* for the defendant.

*Adams & Robinson* and *Smith, Fouke & Chapin* for the First National Bank.

DAY, J.— On the 14th day of June, 1871, the plaintiff filed in the Dubuque district court a petition claiming of the defendant $5,000. The defendant answered that the debt had been paid; that it is barred by the statute of limitations; that the plaintiff is not the real party in interest, and that the suit is prosecuted without the knowledge, authority or consent of plaintiff. On the 10th of December, 1872, Griffith & Knight, claiming to appear for plaintiff, filed in said cause papers, of which the following are copies:

" And now comes the plaintiff, by its vice-president, J. K. Graves, and dismisses and withdraws the above-entitled suit.

" DUBUQUE BRANCH OF THE STATE BANK OF IOWA.

" By J. K. GRAVES,

" *Vice-President.*"

" And now comes the plaintiff, by L. D. Randall, its president, and says that the action has been commenced and prosecuted without the authority or consent of the plaintiff, so far as known to the president of said bank.

" L. D. RANDALL,

"*Prest. Dub. Br. St. B'k, Iowa.*"

" I, J. K. Graves, being duly sworn, do depose and say that I am vice-president, and that L. D. Randall is the president of plaintiff, and that as such either of us is authorized to dismiss the above-entitled cause which is being prosecuted and was commenced without the consent of the plaintiff corporation.

" J. K. GRAVES."

Thereupon the court, upon application of Messrs. Adams & Fouke, who appeared of record as attorneys of plaintiff, granted them time to make a showing why the case should not be dismissed. To that end they filed various affidavits, which Griffith & Knight, as attorneys of plaintiff, met with counter affidavits, none of which are material to a proper understanding of the question now presented. From press of business the matter stood over until the 11th day of December, when Messrs. Adams & Fouke objected to the court's taking any action upon the motion to dismiss, and in support of their objection presented to the court a petition for an injunction filed in the clerk's office of said court December 11, 1872, and brought to the February term, 1873, in the case of the First National Bank of Dubuque *v.* The Dubuque Branch of the State Bank of Iowa, L. D. Randall, J. K. Graves, Joseph A. Rhomberg and Griffith & Knight, and also a writ of injunction issued on said petition, and served on the defendants therein.

It is not essential that this petition should be set forth. The injunction issued and duly served on said above-named defendants is as follows:

" The State of Iowa. To the Dubuque Branch of the State Bank of Iowa, L. D. Randall, J. K. Graves, Joseph A. Rhomberg and Griffith & Knight, and each of you, your agents and servants. Whereas, the First National Bank of Dubuque, Iowa, has this day filed its petition in the office of the clerk of the district court of Dubuque county, Iowa, duly sworn to, and praying that a writ of injunction may issue against you, restraining you from prosecuting a certain motion filed by the said Griffith & Knight, on behalf of the said Dubuque Branch of the State Bank of Iowa, in a certain suit now pending in said district court of Dubuque county, Iowa, wherein the said Dubuque Branch of the State Bank of Iowa is plaintiff and the said Joseph A. Rhomberg is defendant, for the dismissal of said suit; and, whereas, the Hon. David S. Wilson has, by an order under his hand, on said petition, directed said writ to issue upon the filing by the said First National Bank of a bond in the penal sum of          dollars, with sureties, to be approved by the clerk of the district court; and, whereas, such bond has been filed as aforesaid and sureties approved: Now, therefore, you, the said Dubuque Branch of the State National Bank of Iowa, L. D. Randall, J. K. Graves, Joseph A. Rhomberg and Griffith & Knight, and each of you, your agents and servants, are hereby strictly enjoined and restrained, from in any manner prosecuting said motion filed by said Griffith & Knight in said cause, in the district court of Dubuque county, Iowa, wherein the Dubuque Branch of the State Bank of Iowa is plaintiff, and the said Joseph A. Rhomberg is defendant, on the part of the said Dubuque Branch of the State Bank of Iowa, for the dismissal of said suit, and this injunction you must observe, under the penalties of the law. Witness, P. J. Quigley, clerk of said court, with the seal thereof hereto affixed, this 11th day of December, 1872. "

Thereupon, the court being of opinion that no action could

be taken on the papers dismissing the cause before referred to, without considering the plaintiff as substantially moving the court for such action, and being of opinion that the injunction referred to prohibited the plaintiff from so, in contemplation of law, moving, refused to dismiss the cause, or to take any action on the papers dismissing the cause, and retained the same on the docket for further disposition. To all of which Messrs. Griffith & Knight, on behalf of both plaintiff and defendant, excepted.

The cause being brought to this court upon the appeal of both parties from the order of the district court refusing to dismiss the case, D. E. Lyon appeared for plaintiff, and Griffith & Knight for defendants, and in open court asked that, pursuant to the consent and agreement of both parties to the record, a judgment be entered here reversing the judgment of the court below, and remanding the cause for a judgment there, dismissing plaintiff's cause of action.

The attorneys of the First National Bank appeared in resistance of this application for judgment, and filed affidavits showing that the aforesaid injunction proceeding is still pending; that at the February term, 1873, the court overruled a motion of the defendants therein named to dissolve the same, from which the defendants appealed to the supreme court. The records of the court referred to and made part of these affidavits, show that said appeal was, by consent of counsel, continued to the June term.

From these facts it is quite clear that we cannot, even by consent and request of both plaintiff and defendant, reverse the judgment of the district court, and order that court to enter a judgment dismissing plaintiff's cause of action. That court has, upon proper application, issued an injunction, restraining plaintiff from prosecuting in any manner the motion for a dismissal of said cause. That injunction still remains of full force. The court below has, upon motion, refused to dissolve it, and the correctness of that ruling is now pending in this court upon appeal. It would be a novel proceeding for this court now, upon the mere assent of those

parties who are enjoined, to order the court below to enter a judgment, the effect of which would be to work an entire nullification of the injunction proceeding, and make the court a party in effecting a violation of its own orders, and in aiding the perpetration of a contempt. The request for a reversal, by consent, of the judgment of the court below must be

Refused.